UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVID FISCHER,<br><br>Petitioner,<br><br>v.<br><br>STU SHERMAN,<br><br>Respondent. | No. 2:15-cv-1196 CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se who has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Petitioner has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Petitioner challenges his 2012 conviction in the Sacramento Superior Court for multiple counts of burglary, for which he was sentenced to a state prison term of 24 years. (ECF No. 1 at 1.) Petitioner indicates that, following his direct appeals, in March 2015 he filed an action challenging his conviction and sentence in the Sacramento Superior Court. That matter is currently pending. (Id. at 3, 74-85.) A federal court generally will not enjoin or directly intercede in ongoing state court proceedings absent the most unusual circumstances. Younger v. Harris, 401 U.S. 37 (1971). Federal courts will abstain if the state proceeding 1) is currently pending, 2)

1  involves an important state interest, and 3) affords the petitioner an adequate opportunity to raise
2  constitutional claims.  Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S.
3  423, 432 (1982).  Here, petitioner admits that post-conviction proceedings are pending in state
4  court.  The proceedings involve the important state interest of not having a federal court interfere
5  in ongoing state criminal proceedings to try collateral issues in piecemeal fashion.  See Dubinka
6  v. Judges of Superior Court of State of Cal. for County of Los Angeles, 23 F.3d 218, 223 (9th Cir.
7  1994).  Finally, it appears that petitioner has an adequate opportunity to raise his constitutional
8  claims in his pending state action.

9        The court need not abstain if there are extraordinary circumstances, such as when the state
10 court proceedings were undertaken for bad faith or for purposes of harassment, or where the
11 statute defining a criminal offense at issue is "flagrantly and patently violative of express
12 constitutional prohibitions."  Dubinka, 23 F.3d at 25; see Lebbos v. Judges of Superior Court,
13 Santa Clara County, 883 F.2d 810, 816 (9th Cir. 1989).  Petitioner has made no showing that such
14 extraordinary circumstances are present.  Where, as here, the Younger abstention doctrine
15 applies, it is appropriate to dismiss the action.  See Gibson v. Berryhill, 411 U.S. 564, 577 (1973).

16       Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for
17 summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and
18 any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  For the
19 foregoing reasons, the petition should be dismissed pursuant to Rule 4.

20       Accordingly, IT IS HEREBY ORDERED that:
21       1.  Petitioner's request for leave to proceed in forma pauperis is granted; and
22       2.  The Clerk of Court shall assign a district judge to this action.
23       IT IS HEREBY RECOMMENDED that the petition (ECF No. 1) be dismissed without
24 prejudice pursuant to Rule 4.

25       These findings and recommendations are submitted to the United States District Judge
26 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
27 after being served with these findings and recommendations, any party may file written
28 objections with the court and serve a copy on all parties.  Such a document should be captioned

1 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
2 objections shall be served and filed within fourteen days after service of the objections.  The
3 parties are advised that failure to file objections within the specified time may waive the right to
4 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 8, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / fisc1196.R4